IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:11CR102 |
| | ) | |
| JUSTIN MARCELLUS NORMAN | ) | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The Government respectfully requests the Court to include in its charge to the jury the

following instructions and such other instructions as may become appropriate during the course of

the trial.

| <u>NO.</u> | <u>SUBJECT</u> | <u>AUTHORITY</u> |
|---|---|---|
| 1. | Introduction to the Final Charge–-Province of the Court and the Jury | O'Malley (6th ed.) § 12:01 |
| 2. | Judging the Evidence | O'Malley (6th ed.) § 12:02 |
| 3. | Evidence Received in the Case-- Stipulations, Judicial Notice, and Inferences Permitted | O'Malley (6th ed.) § 12:03 |
| 4. | Direct and Circumstantial Evidence | O'Malley (6th ed.) § 12:04 |
| 5. | Inferences from the Evidence | O'Malley (6th ed.) § 12:05 |
| 6. | Specific Investigative Techniques | Fed. JI 14.4 |
| 7. | Jury's Recollection Controls | O'Malley (6th ed.) § 12:07 |
| 8. | The Question is Not Evidence | O'Malley (6th ed.) § 12:08 |

| 9.  | Consider Only the Offense<br>Charged | O'Malley (6th ed.)<br>§ 12:09 |
| --- | --- | --- |
| 10. | Consider Each Count Separately | O'Malley (6th ed.)<br>§ 12:13 |
| 11. | Burden of Proof-Reasonable<br>Doubt | O'Malley (6th ed.)<br>§ 12:10 |
| 12. | Verdict as to the Defendant Only | O'Malley (6th ed. )<br>§ 12:11 |
| 13. | Rule 404(b) Evidence | Horn's 4th Cir.(1999)<br>§ 4.13 |
| 14. | Objections and Rulings | O'Malley (6th ed.)<br>§ 11:03 |
| 15. | Charts and Summaries | Sand 5-12 |
| 16. | The Second Superseding Indictment<br>is Not Evidence | O'Malley (6th ed.)<br>§ 13:04 |
| 17. | "On or About"–Explained | O'Malley (6th ed.)<br>§ 13:05 |
| 18. | Opinion Evidence--The Expert<br>Witness | O'Malley (6th ed.)<br>§ 14:01 |
| 19. | Credibility of Witnesses–<br>Generally | O'Malley (6th ed.)<br>§ 15:01 |
| 20. | Credibility of Witnesses–<br>The Defendant as a Witness | O'Malley (6th ed.)<br>§ 15:12 |
| 21. | Effect of the Defendant's<br>Failure to Testify | O'Malley (6th ed.)<br>§ 15:14 |
| 22. | Proof of Knowledge or Intent | O'Malley (6th ed.)<br>§ 17:07 |
| 23. | Nature of the Offense Charged-<br>Count 1 (18 USC 113) | O'Malley (6th ed.)<br>§ 25.01 |

| 24. | Statute Defining the Offense-<br>Count 1 (18 USC 113) | O'Malley (6th ed.)<br>§ 25.02 |
| --- | --- | --- |
| 25. | Elements of the Offense Charged-<br>Count 1 (18 USC 113) | O'Malley (6th ed.)<br>§ 25.03 |
| 26. | "Assault" - Defined | Case Law |
| 27. | "With the intent to commit murder" -<br>Defined | O'Malley (6th ed.)<br>§ 25.11 |
| 28. | "A dangerous weapon" - Defined | O'Malley (6th ed.)<br>§ 25.12 |
| 29. | "Within the Special Maritime Jurisdiction"<br>- Defined | O'Malley (6th ed.)<br>§ 25.10 |
| 30. | "Knowingly"–Defined | O'Malley (6th ed.)<br>§17:04 |
| 31. | Nature of the Offense Charged-<br>Count 2 (18 USC 924(c)(1)) | O'Malley (5th ed.)<br>§ |
| 32. | Statute Defining the Offense-<br>Count 2 (18 USC 924(c)(1)) | O'Malley (5th ed.)<br>§ |
| 33. | Elements of the Offense-<br>Count 2 (18 USC 924(c)(1)) | O'Malley (6th ed.)<br>§ |
| 34. | "Firearm"-Defined | O'Malley (65th ed.)<br>§ 39.11 |
| 35. | "Uses or Carries" a Firearm<br>–Defined | O'Malley (6th ed.)<br>§ 39:20 |
| 36. | "Crime of Violence"--Defined | O'Malley (6th ed.)<br>§ 39:19 |
| 37. | Nature of the Offense Charged-<br>Counts 3 and 4 (18 USC 922(g)(1) | O'Malley (6th ed.)<br>§ 39:07 |
| 38. | Statute Defining the Offense-<br>Counts 3 and 4 (18 USC 922(g)(1)) | O'Malley (6th ed.)<br>§39:08 |
| 39. | Elements of the Offense-<br>Counts 3 and 4 (18 USC 922(g)(1)) | O'Malley (6th ed.)<br>§ 39:09 |

Case 4:11-cr-00102-RAJ-DEM    Document 31    Filed 02/07/12    Page 4 of 56 PageID# 63

| 40. | "Crime punishable by imprisonment for a term exceeding one year" - Defined | O'Malley (6th ed.) § 39:10 |
| 41. | "To possess" - defined | *U.S. v. Perry Cousins* |
| 42. | "In or Affecting Commerce" – Defined | O'Malley (6th ed.) § 39:14 |
| 43. | Verdict--Election of Foreperson --Duty to Deliberate-Unanimity– Punishment--Form of Verdict-- Communication with the Court | O'Malley (6th ed.) § 20:01 |

Respectfully submitted,

NEIL H. MACBRIDE
United States Attorney

By:    _____/s/_____
Andrew L. Creighton
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757/591-0866
Email: andrew.creighton2@usdoj.gov

_____/s/_____
Howard J. Zlotnick
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757-591-0866
Howard.zlotnick@usdoj.gov

JURY INSTRUCTION NO. 1

**<u>INTRODUCTION TO THE FINAL CHARGE--PROVINCE OF THE COURT AND OF THE JURY</u>**

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE THAT IS TO BE RECEIVED IN THIS TRIAL AND EACH OF THE ARGUMENTS OF COUNSEL IT BECOMES MY DUTY TO GIVE YOU THE FINAL INSTRUCTIONS OF THE COURT AS TO THE LAW THAT IS APPLICABLE TO THIS CASE.  YOU SHOULD USE THESE INSTRUCTIONS TO GUIDE YOU IN YOUR DECISIONS.

ALL OF THE INSTRUCTIONS OF LAW GIVEN TO YOU BY THE COURT--THOSE GIVEN TO YOU AT THE BEGINNING OF THE TRIAL, THOSE GIVEN TO YOU DURING THE TRIAL, AND THESE FINAL INSTRUCTIONS--MUST GUIDE AND GOVERN YOUR DELIBERATIONS.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN ALL OF THE INSTRUCTIONS OF THE COURT AND TO APPLY THESE RULES OF LAW TO THE FACTS AS YOU FIND THEM TO BE FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE APPLICABLE RULES OF LAW IN THEIR CLOSING ARGUMENTS TO YOU.  IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT AS STATED BY THE COURT IN THESE INSTRUCTIONS, YOU, OF COURSE,  ARE TO BE GOVERNED BY THE INSTRUCTIONS GIVEN TO YOU BY THE COURT.

YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE IN REACHING

YOUR DECISIONS.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULE OF LAW STATED BY THE COURT.  REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE ANY PART OF YOUR VERDICT UPON ANY OTHER VIEW OR OPINION OF THE LAW THAN THAT GIVEN IN THESE INSTRUCTIONS OF THE COURT JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS THE JUDGES OF THE FACTS, TO BASE YOUR VERDICT UPON ANYTHING BUT THE EVIDENCE RECEIVED IN THE CASE.

YOU WERE CHOSEN AS JURORS FOR THIS TRIAL IN ORDER TO EVALUATE ALL OF THE EVIDENCE RECEIVED AND TO DECIDE EACH OF THE FACTUAL QUESTIONS PRESENTED BY THE ALLEGATIONS BROUGHT BY THE GOVERNMENT IN THE SECOND SUPERSEDING INDICTMENT AND THE PLEA OF NOT GUILTY BY THE DEFENDANT.

IN DECIDING THE ISSUES PRESENTED TO YOU FOR DECISION IN THIS TRIAL YOU MUST NOT BE PERSUADED BY BIAS, PREJUDICE, OR SYMPATHY FOR OR AGAINST ANY OF THE PARTIES TO THIS CASE OR BY ANY PUBLIC OPINION.

JUSTICE--THROUGH TRIAL BY JURY--DEPENDS UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS HERE IN THE COURTROOM AND TO ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW AS NOW BEING GIVEN TO EACH OF YOU IN THESE INSTRUCTIONS OF THE COURT.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:01 (6th ed. 2009).

JURY INSTRUCTION NO. 2

**<u>JUDGING THE EVIDENCE</u>**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD DEAL WITH ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE.  YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE.  USE THE EVIDENCE ONLY FOR THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

IF THE DEFENDANT BE PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.  IF NOT PROVED GUILTY BEYOND A REASONABLE DOUBT, SAY SO.

KEEP CONSTANTLY IN MIND THAT IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE RECEIVED IN THE CASE AND THE INSTRUCTIONS OF THE COURT.  REMEMBER AS WELL THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE BECAUSE THE BURDEN OF PROVING GUILT BEYOND A REASONABLE DOUBT IS ALWAYS ASSUMED BY THE GOVERNMENT.

AUTHORITY:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:02 (6th ed. 2009).

JURY INSTRUCTION NO. 3

**EVIDENCE RECEIVED IN THE CASE--STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES--REGARDLESS OF WHO MAY HAVE CALLED THEM--ALL EXHIBITS RECEIVED IN EVIDENCE--REGARDLESS OF WHO MAY HAVE PRODUCED THEM--ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED; AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY NOTICED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, YOU MUST ACCEPT THE STIPULATION AS EVIDENCE AND REGARD THAT FACT AS PROVED.

IF THE COURT DECLARES THAT IT HAS TAKEN JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MAY ACCEPT THE COURT'S DECLARATION AS EVIDENCE AND REGARD AS PROVED THE FACT OR EVENT WHICH HAS BEEN JUDICIALLY NOTICED.

ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY OR EXHIBIT ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT PROPER EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

QUESTIONS, OBJECTIONS, STATEMENTS, AND ARGUMENTS OF COUNSEL ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT.

YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE RECEIVED IN THE

CASE. IN YOUR CONSIDERATION OF THE EVIDENCE RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY OR AS THE EXHIBITS ARE ADMITTED. YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON SENSE.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:03 (6th ed. 2009), modified in part, to correct misstatements in publication that the jury is "**not required to**" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence; see also 1A Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, Instruction No. 5-6 (Stipulation of Facts).

JURY INSTRUCTION NO. 4

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE WHICH ARE GENERALLY PRESENTED DURING A TRIAL—DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE. DIRECT EVIDENCE IS THE TESTIMONY OF A PERSON WHO ASSERTS OR CLAIMS TO HAVE ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE EXISTENCE OF A FACT. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT OR VALUE TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE. YOU SHOULD WEIGH ALL THE EVIDENCE IN THE CASE.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions,  § 12:04 (6th ed. 2009).

JURY INSTRUCTION NO. 5

**<u>INFERENCES FROM THE EVIDENCE</u>**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

<u>AUTHORITY</u>:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:05 (6th ed. 2009).

JURY INSTRUCTION NO. 6

**SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED**

DURING THE TRIAL YOU HAVE HEARD TESTIMONY OF WITNESSES AND ARGUMENT BY COUNSEL THAT THE GOVERNMENT DID NOT UTILIZE SPECIFIC INVESTIGATIVE TECHNIQUES. YOU MAY CONSIDER THESE FACTS IN DECIDING WHETHER THE GOVERNMENT HAS MET ITS BURDEN OF PROOF BECAUSE, AS I TOLD YOU, YOU SHOULD LOOK TO ALL OF THE EVIDENCE OR LACK OF EVIDENCE IN DECIDING WHETHER THE DEFENDANT IS GUILTY. HOWEVER, YOU ALSO ARE INSTRUCTED THAT THERE IS NO LEGAL REQUIREMENT THAT THE GOVERNMENT USE ANY SPECIFIC INVESTIGATIVE TECHNIQUES TO PROVE ITS CASE. THERE IS NO REQUIREMENT TO ATTEMPT TO TAKE FINGERPRINTS, OR THAT THE GOVERNMENT OFFER DNA IN EVIDENCE.

YOUR CONCERN, AS I HAVE SAID, IS TO DETERMINE WHETHER OR NOT, ON THE EVIDENCE OR LACK OF EVIDENCE, THE DEFENDANT'S GUILT HAS BEEN PROVED BEYOND A REASONABLE DOUBT.

AUTHORITY: As given by the Honorable Rebecca Beach Smith in *United States v. Perry Cousins*, Criminal No.: 4:10cr47; Adapted from 1 Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction No. 14.4 (2001) (specific investigation techniques not required); *United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992) (affirming an instruction stating, in part, that "[t]here is no legal requirement that the government use any of these specific investigative techniques to prove its case. There is no legal requirement of an attempt to take fingerprints or to do any particular scientific test.").

JURY INSTRUCTION NO. 7

**<u>JURY'S RECOLLECTION CONTROLS</u>**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF TESTIMONY OR EXHIBITS DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THAT EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS AND NOT THE STATEMENTS OF THE COURT OR OF COUNSEL.

YOU ARE THE SOLE JUDGES OF THE EVIDENCE RECEIVED IN THIS CASE.

<u>AUTHORITY</u>:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:07 (6th ed. 2009).

JURY INSTRUCTION NO. 8

**THE QUESTION IS NOT EVIDENCE**

THE QUESTIONS ASKED BY A LAWYER FOR EITHER PARTY TO THIS CASE ARE NOT EVIDENCE.  IF A LAWYER ASKS A QUESTION OF A WITNESS WHICH CONTAINS AN ASSERTION OF FACT, THEREFORE, YOU MAY NOT CONSIDER THE ASSERTION BY THE LAWYER AS ANY EVIDENCE OF THAT FACT.  ONLY THE ANSWERS ARE EVIDENCE.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:08 (6th ed. 2009).

JURY INSTRUCTION NO. 9

## **CONSIDER ONLY THE OFFENSE CHARGED**

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR ANY CONDUCT NOT

SPECIFICALLY CHARGED IN THE SECOND SUPERSEDING INDICTMENT.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:09
(6th ed. 2009).

JURY INSTRUCTION NO. 10

**CONSIDER EACH COUNT SEPARATELY**

A SEPARATE CRIME IS ALLEGED IN EACH COUNT OF THE SECOND SUPERSEDING INDICTMENT. EACH ALLEGED OFFENSE, AND ANY EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY BY THE JURY. THE FACT THAT YOU FIND THE DEFENDANT GUILTY OR NOT GUILTY OF ONE OF THE OFFENSES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER OFFENSE CHARGED AGAINST THE DEFENDANT.

YOU MUST GIVE SEPARATE AND INDIVIDUAL CONSIDERATION TO EACH CHARGE AGAINST THE DEFENDANT.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:13 (6th ed. 2009).

JURY INSTRUCTION NO. 11

**BURDEN OF PROOF--REASONABLE DOUBT**

THE LAW PRESUMES A DEFENDANT TO BE INNOCENT OF CRIME.  THUS, A DEFENDANT, ALTHOUGH ACCUSED, BEGINS THE TRIAL WITH A "CLEAN SLATE"-- WITH NO EVIDENCE AGAINST HIM.  AND THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST THE ACCUSED.  SO THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO ACQUIT A DEFENDANT, UNLESS THE JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANT'S GUILT AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.  THE TEST IS ONE OF REASONABLE DOUBT.

THE JURY WILL REMEMBER THAT A DEFENDANT IS NEVER TO BE CONVICTED ON MERE SUSPICION OR CONJECTURE.

THE BURDEN OF PROOF IS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO A DEFENDANT; FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

SO IF THE JURY, AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL

THE EVIDENCE IN THE CASE, HAS A REASONABLE DOUBT THAT A DEFENDANT IS

GUILTY OF THE CHARGE, IT MUST ACQUIT.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12:10 (6th ed. 2009), amended to conform with present state of law that no specific definition of reasonable doubt be given, *United States v. Reives*, 15 F.3d 42, 45 (4th Cir.), *cert. denied*, 512 U.S. 1207 (1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987), *cert. denied*, 485 U.S. 934 (1988); *United States v. Valezquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985), *cert. denied*, 474 U.S. 1081 (1986); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

JURY INSTRUCTION NO. 12

**<u>VERDICT AS TO DEFENDANT ONLY</u>**

YOU ARE HERE TO DETERMINE WHETHER THE GOVERNMENT HAS PROVEN THE GUILT OF THE DEFENDANT FOR THE CHARGES IN THE SECOND SUPERSEDING INDICTMENT BEYOND A REASONABLE DOUBT. YOU ARE NOT CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OR INNOCENCE OF ANY OTHER PERSON OR PERSONS.

SO, IF THE EVIDENCE IN THE CASE CONVINCES YOU BEYOND A REASONABLE DOUBT OF THE GUILT OF THE DEFENDANT FOR THE CRIMES CHARGED IN THE SECOND SUPERSEDING INDICTMENT, YOU SHOULD SO FIND, EVEN THOUGH YOU MAY BELIEVE THAT ONE OR MORE OTHER UNINDICTED PERSONS ARE ALSO GUILTY. BUT IF ANY REASONABLE DOUBT REMAINS IN YOUR MINDS AFTER IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE, IT IS YOUR DUTY TO FIND THE DEFENDANT NOT GUILTY.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:11 (6th ed. 2009).

JURY INSTRUCTION NO. 13

**RULE 404(b) EVIDENCE**

YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT ENGAGED IN CERTAIN BAD CONDUCT IN THE PAST.  THE LAW ALLOWS THIS KIND OF EVIDENCE FOR CERTAIN LIMITED PURPOSES. FOR EXAMPLE, SUCH EVIDENCE MAY BE PROPERLY CONSIDERED TO PROVE THE DEFENDANT'S MOTIVE, OPPORTUNITY, INTENT, PREPARATION, PLAN, KNOWLEDGE, IDENTITY, OR ABSENCE OF MISTAKE OR ACCIDENT.  PLEASE KEEP IN MIND THE LIMITED PURPOSE FOR WHICH THIS EVIDENCE WAS ADMITTED. MORE IMPORTANTLY, DO NOT CONCLUDE FROM THIS EVIDENCE THAT THE DEFENDANT HAS BAD CHARACTER, IN GENERAL, OR THAT BECAUSE THE DEFENDANT ENGAGED IN BAD CONDUCT IN THE PAST HE IS MORE LIKELY TO HAVE COMMITTED THE CRIME WITH WHICH HE IS NOW CHARGED.

AUTHORITY: Fed. R. Evid. 404(b); Horn's Federal Criminal Jury Instructions for the Fourth Circuit, § 4.13 (1999).

JURY INSTRUCTION NO. 14

**<u>OBJECTIONS AND RULINGS</u>**

TESTIMONY AND EXHIBITS CAN BE ADMITTED INTO EVIDENCE DURING A TRIAL ONLY IF IT MEETS CERTAIN CRITERIA OR STANDARDS. IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR AN EXHIBIT WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE UNDER THE RULES OF LAW. ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND THEN OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE. YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE THE ATTORNEY HAS MADE OBJECTIONS.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE. I AM SIMPLY MAKING A RULING ON A LEGAL QUESTION.

<u>AUTHORITY</u>:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 11:03 (6th ed. 2009).

JURY INSTRUCTION NO. 15

**CHARTS AND SUMMARIES**

THE GOVERNMENT HAS PRESENTED EXHIBITS IN THE FORM OF CHARTS AND SUMMARIES.  IN ADDITION TO THE UNDERLYING DOCUMENTS THEY REPRESENT, I DECIDED TO ADMIT THESE CHARTS AND SUMMARIES IN ORDER TO SAVE TIME AND AVOID UNNECESSARY INCONVENIENCE.  THESE CHARTS ARE ONLY AS RELIABLE AS THE UNDERLYING EVIDENCE THAT SUPPORTS THEM. YOU SHOULD CONSIDER THESE CHARTS AND SUMMARIES AS YOU WOULD ANY OTHER EVIDENCE.

AUTHORITY: 1 L. Sand, *et al.,* Modern Federal Jury Instructions, Instruction 5-12 (1999); *United States v. Lloayza*, 107 F.3d 257, 264 (4th Cir. 1997); *United States v. Foley*, 598 F.2d 1323 (4th Cir. 1979), *cert. denied*, 444 U.S. 1043 (1980); *United States v. Winn,* 948 F.2d 145 (5th Cir. 1991), *cert. denied*, 503 U.S. 976 (1992); *United States v. Smyth*, 556 F.2d 1179 (5th Cir.), *cert. denied*, 434 U.S. 862 (1977).

JURY INSTRUCTION NO. 16

## **THE SECOND SUPERSEDING INDICTMENT IS NOT EVIDENCE**

AN INDICTMENT IS BUT A FORMAL METHOD USED BY THE GOVERNMENT TO ACCUSE A DEFENDANT OF A CRIME.  IT IS NOT EVIDENCE OF ANY KIND AGAINST THE DEFENDANT. THE DEFENDANT IS PRESUMED TO BE INNOCENT OF THE CRIME CHARGED.  EVEN THOUGH A SECOND SUPERSEDING INDICTMENT HAS BEEN RETURNED AGAINST THE DEFENDANT, THE DEFENDANT BEGINS THIS TRIAL WITH ABSOLUTELY NO EVIDENCE AGAINST HIM.

THE DEFENDANT HAS PLED "NOT GUILTY" TO THE SECOND SUPERSEDING INDICTMENT AND, THEREFORE, DENIES THAT HE IS GUILTY OF THE CHARGES.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13:04 (6th ed. 2009).

JURY INSTRUCTION NO. 17

**"ON OR ABOUT"--EXPLAINED**

THE SECOND SUPERSEDING INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED "ON OR ABOUT" CERTAIN DATES.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSES WERE COMMITTED ON A DATE REASONABLY NEAR THE DATES ALLEGED, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSES WERE COMMITTED PRECISELY ON THE DATE CHARGED.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13:05 (6th ed. 2009).

JURY INSTRUCTION NO. 18

**OPINION EVIDENCE -- THE EXPERT WITNESS**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT ISSUES IN THE CASE. AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES". AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA. IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO RELEVANT AND MATERIAL MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES. YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE. IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU--THE JURY--ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 14:01 (6th ed. 2009)

JURY INSTRUCTION NO. 19

**CREDIBILITY OF WITNESSES -- GENERALLY**

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS, IN YOUR OPINION, IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE TO FALSIFY, STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND.  CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED AND CONSIDER WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS.  CONSIDER ALSO ANY RELATION A WITNESS MAY BEAR TO EITHER SIDE OF THE CASE,  THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY YOUR VERDICT, AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE

YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY. INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT OR ASSESSMENT CONCERNING THE BELIEVABILITY OF A WITNESS, YOU CAN THEN ATTACH SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU FEEL IT DESERVES.  YOU WILL THEN BE IN A POSITION TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THE CHARGE BEYOND A REASONABLE DOUBT.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15:01 (6th ed. 2009).

JURY INSTRUCTION NO. 20

**CREDIBILITY OF WITNESSES–THE DEFENDANT AS A WITNESS**

YOU SHOULD JUDGE THE TESTIMONY OF THE DEFENDANT IN THE SAME

MANNER AS YOU JUDGE THE TESTIMONY OF ANY OTHER WITNESS IN THIS CASE.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15:12 (6th ed. 2009).

JURY INSTRUCTION NO. 21

## **EFFECT OF THE DEFENDANT'S FAILURE TO TESTIFY**

THE DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT UNDER OUR CONSTITUTION NOT TO TESTIFY.

THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE DISCUSSED OR CONSIDERED BY THE JURY IN ANY WAY WHEN DELIBERATING AND IN ARRIVING AT YOUR VERDICT.  NO INFERENCE OF ANY KIND MAY BE DRAWN FROM THE FACT THAT A DEFENDANT DECIDED TO EXERCISE HIS PRIVILEGE UNDER THE CONSTITUTION AND DID NOT TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR OF PRODUCING ANY EVIDENCE.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15:14 (6th ed. 2009).

JURY INSTRUCTION NO. 22

**<u>PROOF OF KNOWLEDGE OR INTENT</u>**

THE INTENT OF A PERSON OR THE KNOWLEDGE THAT A PERSON POSSESSES AT ANY GIVEN TIME MAY NOT ORDINARILY BE PROVED DIRECTLY BECAUSE THERE IS NO WAY OF DIRECTLY SCRUTINIZING THE WORKINGS OF THE HUMAN MIND. IN DETERMINING THE ISSUE OF WHAT A PERSON KNEW OR WHAT A PERSON INTENDED AT A PARTICULAR TIME, YOU MAY CONSIDER ANY STATEMENTS MADE OR ACTS DONE OR OMITTED BY THAT PERSON AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH MAY AID IN YOUR DETERMINATION OF THAT PERSON'S KNOWLEDGE OR INTENT.

YOU MAY INFER, BUT YOU ARE CERTAINLY NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL.

<u>AUTHORITY</u>:  1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 17:07 (6th ed. 2009).

JURY INSTRUCTION NO. 23

## **THE NATURE OF THE OFFENSE CHARGED--COUNT ONE**

COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER 26, 2011, AT THE ARMED FORCES EXPERIMENTAL TRAINING ACTIVITY, CAMP PEARY, VIRGINIA, WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES AND THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, JUSTIN MARCELLUS NORMAN, DID ASSAULT JESSICA NORMAN-ECCELS, WITH THE INTENT TO COMMIT MURDER.

AUTHORITY:  2 O'MALLEY, Grenig and Lee, Federal Jury Practice and Instructions, § 25:02 (6th ed. 2010).

JURY INSTRUCTION NO. 24

**THE STATUTE DEFINING THE OFFENSE CHARGED--COUNT ONE**

SECTION 113(A) OF TITLE 18, UNITED STATES CODE, PROVIDES IN PERTINENT

PART THAT:

WHOEVER, WITHIN THE SPECIAL MARITIME AND TERRITORIAL

JURISDICTION OF THE UNITED STATES, COMMITS . . .

ASSAULT WITH INTENT TO COMMIT MURDER . . .

SHALL BE GUILTY OF AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.

AUTHORITY:  2 O'MALLEY, Grenig and Lee, Federal Jury Practice and Instructions, § 25:03 (6th ed. 2010).

JURY INSTRUCTION NO. 25

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED--COUNT ONE**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF OF THE CRIME OF ASSAULT WITH INTENT TO COMMIT MURDER AS CHARGED IN COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

ONE:   DEFENDANT, JUSTIN M. NORMAN, INTENTIONALLY ASSAULTED JESSICA NORMAN-ECCELS;

TWO: DEFENDANT DID SO WITH THE INTENT TO COMMIT MURDER; AND

THREE: DEFENDANT INTENTIONALLY ASSAULTED JESSICA NORMAN-ECCELS WITHIN THE SPECIAL MARITIME OR TERRITORIAL JURISDICTION OF THE UNITED STATES.

AUTHORITY: Second Superseding Indictment; 2 O'Malley, Grenig and Lee  Federal Jury Practice and Instructions, § 25.03 (6th ed. 2010).

JURY INSTRUCTION NO. 26

**<u>"ASSAULT"— DEFINED</u>**

AS USED IN THESE INSTRUCTIONS, AN "ASSAULT" IS AN ATTEMPT TO COMMIT A BATTERY, WHICH IS A WILLFUL ATTEMPT TO INFLICT INJURY UPON ANOTHER.

AN "ASSAULT" MAY BE COMMITTED WITHOUT ACTUALLY TOUCHING OR HURTING ANOTHER PERSON.    AN ASSAULT OCCURS WHEN A PERSON INTENTIONALLY ATTEMPTS OR THREATENS TO HURT SOMEONE ELSE, AND HAS AN APPARENT AND IMMEDIATE ABILITY TO CARRY OUT THE THREAT, SUCH AS BY POINTING OR BRANDING A DANGEROUS WEAPON OR DEVICE.

AUTHORITY: *United States v. Turley*, 352 U.S. 407, 411 (1957) ("[W]here a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning."); *United States v. Bell*, 505 F.2d 539, 540 (7th Cir. 1974) ("A criminal assault at common law was originally an attempt to commit a battery."); *United States v. Delis*, 558 F.3d 177, 182 (2d Cir. 2009) ("[W]e conclude that § 113(a)(5) is more sensibly interpreted as criminalizing completed common-law battery, *in addition to unsuccessful attempted battery . . . .*") (emphasis added); *United States v. Lewellyn*, 481 F.3d 695, 697 (9th Cir. 2007) ("Because § 113 does not define 'assault,' we have adopted the common law definitions: 'a willful attempt to inflict injury upon the person of another,' also known as 'an attempt to commit a battery,' or (2) 'a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate harm.'") (citing *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)); *see also United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010) (stating that where "the Sentencing Guidelines do not provide a definition of 'assault,' we turn to the common meaning of the word for guidance" and noting that *Black's Law Dictionary* includes as a definition "an attempt to commit battery"); Pattern Crim. Jury Instr. 11th Cir. 76.2 comment (2010).

JURY INSTRUCTION NO. 27

**<u>"WITH THE INTENT TO COMMIT MURDER"—DEFINED</u>**

AS USED IN THESE INSTRUCTIONS, THE TERM "WITH THE INTENT TO COMMIT MURDER" MEANS THAT DEFENDANT ACTED FOR THE SPECIFIC PURPOSE OF UNLAWFULLY KILLING JESSICA NORMAN-ECCELS.

<u>AUTHORITY</u>: 2 O'Malley, Grenig and Lee  <u>Federal Jury Practice and Instructions</u>, § 25.11 (6th ed. 2012).

JURY INSTRUCTION NO. 28

**"A DANGEROUS WEAPON" - DEFINED**

AS USED IN THESE INSTRUCTIONS, THE TERM "WITH A DANGEROUS WEAPON" MEANS ANY OBJECT, INSTRUMENTALITY, OR A PART OF HIS BODY USED IN A MANNER BY DEFENDANT THAT HAS THE POTENTIAL TO INFLICT SERIOUS BODILY HARM.

AUTHORITY: 2 O'Malley, Grenig and Lee  Federal Jury Practice and Instructions, § 25.12 (6th ed. 2012).

JURY INSTRUCTION NO. 29

**"WITHIN THE SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES" - DEFINED**

AS USED IN THESE INSTRUCTIONS, THE TERM "MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES" INCLUDES ANY LANDS RESERVED OR REQUIRED FOR THE USE OF THE UNITED STATES, AND UNDER THE EXCLUSIVE OR CONCURRENT JURISDICTION THEREOF.

AUTHORITY: 2 O'Malley, Grenig and Lee  Federal Jury Practice and Instructions, § 25.10 (6th ed. 2012).

JURY INSTRUCTION NO. 30

**"KNOWINGLY"–DEFINED**

THE TERM "KNOWINGLY," AS USED IN THE SECOND SUPERSEDING INDICTMENT AND IN THESE INSTRUCTIONS, TO DESCRIBE THE ALLEGED STATE OF MIND OF THE DEFENDANT, MEANS THAT HE WAS CONSCIOUS AND AWARE OF HIS ACTIONS, REALIZED WHAT HE WAS DOING, OR WHAT WAS HAPPENING AROUND HIM, AND DID NOT ACT BECAUSE OF IGNORANCE, MISTAKE, OR ACCIDENT.

AUTHORITY: 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 17:04 (6th ed. 2009).

JURY INSTRUCTION NO. 31

## **THE NATURE OF THE OFFENSE CHARGED–COUNT TWO**

COUNT TWO OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER 26, 2011, AT THE ARMED FORCES EXPERIMENTAL TRAINING ACTIVITY, CAMP PEARY, VIRGINIA, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, JUSTIN MARCELLUS NORMAN, DID UNLAWFULLY AND KNOWINGLY, USE AND CARRY A FIREARM, DURING AND IN RELATION TO CRIME OF VIOLENCE, NAMELY, ASSAULT WITH INTENT TO COMMIT MURDER AS SET FORTH IN COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:16 (6th ed. 2009).

JURY INSTRUCTION NO. 32

**THE STATUTE DEFINING THE OFFENSE CHARGED–COUNT TWO**

SECTION 924(c)(1) OF TITLE 18 OF THE UNITED STATES CODE PROVIDES, IN PERTINENT PART, THAT

"WHOEVER, DURING AND IN RELATION TO ANY CRIME OF VIOLENCE . . . FOR WHICH THE PERSON MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, USES OR CARRIES A FIREARM, . . . SHALL...."

BE GUILTY OF AN OFFENSE AGAINST THE UNITED STATES.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:17 (6th ed. 2009).

JURY INSTRUCTION NO. 33

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–COUNT TWO

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF USING AND CARRYING A FIREARM DURING OR IN RELATION TO A CRIME OF VIOLENCE, AS CHARGED IN COUNT TWO OF THE SECOND SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING TWO (2) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

ONE: THE DEFENDANT, JUSTIN M. NORMAN, COMMITTED THE CRIME OF ASSAULT WITH INTENT TO COMMIT MURDER AS CHARGED IN COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT, AND

TWO: THE DEFENDANT KNOWINGLY USED OR CARRIED A FIREARM DURING AND IN RELATION TO THE CRIME OF VIOLENCE.

AUTHORITY: Adapted from 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.18 (5th ed. 2000).

JURY INSTRUCTION NO. 34

**"FIREARM"--DEFINED**

THE TERM "FIREARM" MEANS "(A) ANY WEAPON, (INCLUDING A STARTER GUN), WHICH WILL OR IS DESIGNED TO OR MAY READILY BE CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE; (B) THE FRAME OR RECEIVER OF ANY SUCH WEAPON . . . ."

YOU NEED NOT FIND THAT THE FIREARM WAS LOADED OR THAT IT WAS OPERABLE AT THE TIME OF THE OFFENSE.

THE DEFENDANT HAS STIPULATED THAT THE FIREARM IN QUESTION MEETS THIS CRITERIA, AND NO FURTHER EVIDENCE OR PROOF IS NECESSARY IN THIS REGARD.

AUTHORITY:  As given by the Honorable Rebecca Beach Smith in *United States v. Mark Wallace*, Criminal No.: 4:10cr116; 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:11 (5th ed. 2009); 18 U.S.C. § 921(a)(3); *United States v. Martinez*, 912 F.2d 419, 421 (10th Cir. 1990) (Use of unloaded firearm "falls within the prohibitions of § 924(c)"); *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir.), *cert. denied*, 498 U.S. 824 (1990) (Firearm need not be loaded); *United States v. Theodoropoulos*, 886 F.2d 587, 595 n.3 (3d Cir. 1989) (Firearm need not be operable); *United States v. York*, 830 F.2d 885, 891-92 (8th Cir. 1987), *cert. denied*, 484 U.S. 1074 (1988) (Firearm need not be operable); *United States v. Gonzalez*, 800 F.2d 894, 899 (9th Cir. 1986) (Firearm need not be loaded or operable).

JURY INSTRUCTION NO. 35

**"USES OR CARRIES A FIREARM"--DEFINED**

THE PHRASE "USES OR CARRIES A FIREARM" AS USED IN THESE INSTRUCTIONS MEANS HAVING A FIREARM, OR FIREARMS, AVAILABLE TO ASSIST OR AID IN THE COMMISSION OF THE CRIME IDENTIFIED IN COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT.

IN DETERMINING WHETHER THE DEFENDANT USED OR CARRIED A FIREARM, YOU MAY CONSIDER ALL OF THE FACTORS RECEIVED IN EVIDENCE IN THE CASE INCLUDING THE NATURE OF THE UNDERLYING CRIME OF VIOLENCE ALLEGED, THE PROXIMITY OF THE DEFENDANT TO THE FIREARM IN QUESTION, THE USEFULNESS OF THE FIREARM TO THE CRIME ALLEGED, AND THE CIRCUMSTANCES SURROUNDING THE PRESENCE OF THE FIREARM.

THE GOVERNMENT IS NOT REQUIRED TO SHOW THAT THE DEFENDANT ACTUALLY DISPLAYED OR FIRED THE WEAPON. THE GOVERNMENT IS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT THE FIREARM WAS IN THE DEFENDANT'S POSSESSION OR UNDER THE DEFENDANT'S CONTROL AT THE TIME THAT A CRIME OF VIOLENCE WAS COMMITTED.

AUTHORITY: 21A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39.20 (6th ed. 2009).

JURY INSTRUCTION NO. 36

## **"CRIME OF VIOLENCE"--DEFINED**

THE TERM "CRIME OF VIOLENCE" MEANS AN OFFENSE THAT IS A FELONY AND HAS AS ONE OF ITS ESSENTIAL ELEMENT THE USE, ATTEMPTED USE, OR THREATENED USE OF PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER, OR AN OFFENSE THAT BY ITS VERY NATURE INVOLVES A SUBSTANTIAL RISK THAT SUCH PHYSICAL FORCE MAY BE USED IN COMMITTING THE OFFENSE.

THE CRIME ALLEGED IN COUNT ONE OF THE SECOND SUPERSEDING INDICTMENT, IS A CRIME OF VIOLENCE.

AUTHORITY:  2A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 39:19 (6th ed. 2009).

JURY INSTRUCTION NO. 37

**THE NATURE OF THE OFFENSE CHARGED–COUNTS THREE AND FOUR**

COUNT THREE OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER 26, 2011, AT THE ARMED FORCES EXPERIMENTAL TRAINING ACTIVITY, CAMP PEARY, VIRGINIA, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, **JUSTIN M. NORMAN**, A CONVICTED FELON, UNLAWFULLY AND KNOWINGLY POSSESSED, IN AND AFFECTING COMMERCE, A FIREARM WHICH HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE.

COUNT FOUR OF THE SECOND SUPERSEDING INDICTMENT CHARGES THAT ON OR ABOUT OCTOBER 26, 2011, AT THE ARMED FORCES EXPERIMENTAL TRAINING ACTIVITY, CAMP PEARY, VIRGINIA, WITHIN THE EASTERN DISTRICT OF VIRGINIA, THE DEFENDANT, **JUSTIN M. NORMAN**, A CONVICTED FELON, UNLAWFULLY AND KNOWINGLY POSSESSED, IN AND AFFECTING COMMERCE, AMMUNITION WHICH HAD BEEN SHIPPED AND TRANSPORTED IN INTERSTATE AND FOREIGN COMMERCE.

AUTHORITY:2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:07 (5th ed. 2009).

JURY INSTRUCTION NO. 38

## THE STATUTES DEFINING THE OFFENSE CHARGED-COUNTS THREE AND FOUR

SECTIONS 922(G)(1) OF TITLE 18 OF THE UNITED STATES CODE PROVIDE, IN

PART, THAT:

IT SHALL BE UNLAWFUL FOR ANY PERSON—

… WHO HAS BEEN CONVICTED IN ANY COURT OF A

CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM

EXCEEDING ONE YEAR; … TO … KNOWINGLY … POSSESS

IN OR AFFECTING COMMERCE, ANY FIREARM OR

AMMUNITION ;… WHICH HAS BEEN SHIPPED OR

TRANSPORTED IN INTERSTATE COMMERCE.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:08 (6th ed. 2009).

JURY INSTRUCTION NO. 39

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED–COUNTS THREE AND FOUR**

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF POSSESSING A FIREARM AND AMMUNITION AS CHARGED IN COUNTS THREE AND FOUR OF THE SECOND SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE THE FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

ONE: THE DEFENDANT **JUSTIN M. NORMAN**, HAS PREVIOUSLY BEEN CONVICTED IN ANY COURT OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR;

TWO: AFTER THAT CONVICTION, THE DEFENDANT KNOWINGLY POSSESSED THE FIREARM AND AMMUNITION AS DESCRIBED IN THE SECOND SUPERSEDING INDICTMENT; AND

THREE: SUCH POSSESSION WAS IN OR AFFECTING INTERSTATE OR FOREIGN COMMERCE.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:09 (6th ed. 2000).

JURY INSTRUCTION NO. 40

**"CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR"–DEFINED**

THE PHRASE "CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR" GENERALLY MEANS A CRIME WHICH IS A FELONY.  THE PARTIES HAVE STIPULATED THAT THE DEFENDANT IS A CONVICTED FELON AND NO FURTHER PROOF IS NECESSARY ON THIS ELEMENT.

I INSTRUCT YOU THAT THE PRIOR CONVICTION THAT IS AN ELEMENT OF THE CHARGE HERE IS ONLY TO BE CONSIDERED BY YOU FOR THE FACT THAT IT EXISTS, AND FOR NOTHING ELSE.  YOU ARE NOT TO CONSIDER IT FOR ANY OTHER PURPOSE. YOU ARE NOT TO SPECULATE AS TO WHAT IT WAS FOR.  YOU MAY NOT CONSIDER THE PRIOR CONVICTION IN DECIDING WHETHER IT IS MORE LIKELY THAN NOT THAT THE DEFENDANT WAS IN KNOWING POSSESSION OF THE GUN THAT IS CHARGED, WHICH IS THE DISPUTED ELEMENT OF THE OFFENSE.

THE DEFENDANT HAS STIPULATED THAT HE IS A CONVICTED FELON AND NO FURTHER EVIDENCE OR PROOF IS NECESSARY ON THIS ELEMENT OF THE OFFENSE.

AUTHORITY:  As given by the Honorable Rebecca Beach Smith in *United States v. Perry Cousins*, Criminal No.: 4:10cr47.

JURY INSTRUCTION NO. 41

**<u>TO POSSESS -DEFINED</u>**

TO "POSSESS" MEANS TO EXERCISE DOMINION AND CONTROL OVER SOMETHING.  THE LAW RECOGNIZES TWO KINDS OF "POSSESSION" — ACTUAL POSSESSION AND CONSTRUCTIVE POSSESSION.  A PERSON WHO KNOWINGLY HAS DIRECT PHYSICAL CONTROL OVER A THING AT A GIVEN TIME IS THEN IN ACTUAL POSSESSION OF IT.  A PERSON WHO, ALTHOUGH NOT IN ACTUAL POSSESSION, KNOWINGLY HAS BOTH THE POWER AND THE INTENTION AT A GIVEN TIME TO EXERCISE DOMINION OR CONTROL OVER A THING, EITHER DIRECTLY OR THROUGH ANOTHER PERSON OR PERSONS, IS THEN IN CONSTRUCTIVE POSSESSION OF IT.

THE LAW ALSO RECOGNIZES THAT POSSESSION MAY BE SOLE OR JOINT.  IF ONE PERSON ALONE POSSESSES IT, THEN POSSESSION IS SOLE.  IF TWO OR MORE PERSONS HAVE THE POWER AND INTENTION TO EXERCISE CONTROL OVER THE FIREARM, THEN POSSESSION IS JOINT.

YOU MAY FIND THAT THE ELEMENT OF "POSSESSION" AS THAT TERM IS USED IN THESE INSTRUCTIONS IS PRESENT IF YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD ACTUAL POSSESSION OF A FIREARM OR CONSTRUCTIVE POSSESSION OF A FIREARM, EITHER SOLELY OR JOINTLY WITH OTHERS.  PROOF OF OWNERSHIP OF THE FIREARM IS NOT REQUIRED.

TO SATISFY THIS ELEMENT, YOU MUST ALSO FIND THAT THE DEFENDANT KNOWINGLY POSSESSED THE FIREARM.  THIS MEANS THAT HE POSSESSED THE FIREARM PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE.  IT ALSO MEANS THAT HE KNEW THAT THE WEAPON WAS A FIREARM, AS WE

COMMONLY USE THE WORD.  HOWEVER, THE GOVERNMENT IS NOT REQUIRED TO

PROVE THAT THE DEFENDANT KNEW THAT HE WAS BREAKING THE LAW.

AUTHORITY: As given by the Honorable Rebecca Beach Smith in *United States v. Perry Cousins*, Criminal No.: 4:10cr47.

JURY INSTRUCTION NO. 42

**"IN OR AFFECTING COMMERCE," AND "SHIPPED OR TRANSPORTED IN INTERSTATE . . . COMMERCE"–DEFINED**

THE PHRASE "IN OR AFFECTING COMMERCE" AND "SHIPPED OR TRANSPORTED IN INTERSTATE COMMERCE" "INCLUDES COMMERCE BETWEEN ANY PLACE IN A STATE AND ANY PLACE OUTSIDE OF THAT STATE."

THE GOVERNMENT MAY MEET ITS BURDEN OF PROOF ON THE QUESTION OF BEING "IN OR AFFECTING COMMERCE" AND "SHIPPED OR TRANSPORTED IN INTERSTATE COMMERCE" BY PROVING TO YOU, BEYOND A REASONABLE DOUBT, THAT THE FIREARM IDENTIFIED IN THE SECOND SUPERSEDING INDICTMENT, AT ANY TIME, HAD TRAVELED ACROSS A STATE BOUNDARY LINE.

THE DEFENDANT HAS STIPULATED THAT THE FIREARM IN QUESTION MEETS THIS CRITERIA, AND NO FURTHER EVIDENCE OR PROOF IS NECESSARY IN THIS REGARD.

AUTHORITY: 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 39:14 (5th ed. 2009).

JURY INSTRUCTION NO. 43

**VERDICT--ELECTION OF FOREPERSON--DUTY TO DELIBERATE-- UNANIMITY–PUNISHMENT--FORM OF VERDICT--COMMUNICATION WITH THE COURT**

UPON RETIRING TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF AND HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES--JUDGES OF THE FACTS OF THIS CASE. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED. NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE. NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSE CHARGED IN THE SECOND SUPERSEDING INDICTMENT IS A MATTER EXCLUSIVELY WITHIN THE PROVINCE OF THE COURT AND SHOULD NEVER BE CONSIDERED BY THE JURY IN ANY WAY IN ARRIVING AT AN IMPARTIAL VERDICT AS TO THE OFFENSE CHARGED.

FORMS OF VERDICTS HAVE BEEN PREPARED FOR YOUR CONVENIENCE.

**[PLEASE READ THE FORMS OF VERDICT TO THE JURY]**

YOU WILL TAKE THESE FORMS TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICTS, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICTS, DATE AND SIGN THE FORMS, AND THEN RETURN WITH YOUR VERDICTS TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY, THROUGH THE BAILIFF.

NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE BAILIFFS THAT THEY TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

BEAR IN MIND ALSO THAT YOU ARE NEVER TO REVEAL TO ANY PERSON--NOT EVEN TO THE COURT--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE GOVERNMENT HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

AUTHORITY:  1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 20:01 (6th ed. 2009).

CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2012, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send notification of such filing (NEF) to:

Bryan Leslie Saunders , Esquire
728-C Thimble Shoals Boulevard
Newport News, VA 23606
Ph:  (757) 873-0043
Fax: 757-873-0355
Email: BryanSaund@aol.com


                    /s/
Andrew L. Creighton
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757/591-0866
Email: andrew.creighton2@usdoj.gov


                    /s/
Howard J. Zlotnick
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: 757-591-4000
Fax: 757-591-0866
Howard.zlotnick@usdoj.gov