

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JUSTIN MARCELLUS NORMAN,

    Petitioner,

v.                                CRIMINAL ACTION NO.: 4:11cr102
                                    CIVIL ACTION NO.: 4:13cv51

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is a motion submitted pursuant to Title 28, United States Code, Section 2255 to vacate, set aside, or correct sentence by a person in federal custody ("§ 2255 Motion") filed by Justin Marcellus Norman ("Petitioner"). Having thoroughly reviewed the parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was indicted November 9, 2011 and charged with two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). A superseding indictment was returned on December 13, 2011, charging Petitioner with (1) Assault with Intent to Commit Murder in violation of 18 U.S.C. §§ 113(a) and 7(3); and (2) Using or Carrying a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. 924(c)(1). A second superseding indictment was filed on January 10, 2012, and charged Petitioner with (1) Assault with Intent to Commit Murder (Count 1); (2) Using or Carrying a Firearm in Relation to a Crime of Violence

(Count 2); (3) Felon in Possession of a Firearm (Count 3); and (4) Felon in Possession of Ammunition (Count 4).

On February 14, 2012 this Court granted a motion by the Government to dismiss Count 4. A two-day jury trial concluded on February 15, 2012. Petitioner was found guilty on Count 3 of being a felon in possession of a firearm, guilty of Simple Assault, a lesser included offense on Count 1, and not guilty on Count 2. On June 1, 2012, the Court determined that the applicable Guidelines range was 63 to 78 months (resulting from an Offense Level of 20 and a Criminal History of V) and sentenced Petitioner to six months on Count 1 and 66 months on Count 3, to run concurrently.

On April 26, 2013 Petitioner, acting *pro se*, filed a timely § 2255 Petition alleging ineffective assistance of counsel. ECF No. 51. The motion was filed on April 26, 2013, but Petitioner was notified that the document was deficient because he had failed to sign it. Petitioner timely re-filed and on June 14, 2013, the Court directed the Government to respond. ECF No. 53. The Court granted the Government's Motion for Extension of Time to File Response/Reply, and the Government subsequently filed its response on September 26, 2013. ECF No. 56. Noting that Petitioner contended that his trial counsel had failed to file an appeal and that the Government agreed further fact-finding was necessary, the Court appointed counsel for Petitioner and directed his trial counsel to file an affidavit addressing Petitioner's contention. Further, the Court set forth a timeline allowing the Government to respond to that affidavit and allowing Petitioner's newly appointed counsel to file a reply. ECF No. 59, 60. On February 11, 2014, the Government filed its Response, ECF No. 61, and on March 3, 2014, Petitioner filed his Reply, ECF No. 62. On April 17, 2014, the Court held a hearing to address Petitioner's claims regarding his trial counsel's failure to file an appeal.

In his § 2255 Petition, Petitioner raises two grounds for relief. First, he alleges that his counsel was constitutionally ineffective in preparing for trial and during trial for various reasons because the conduct of Petitioner's counsel "constituted incompetence of the highest degree." Second, Petitioner alleges that his counsel was constitutionally ineffective in failing to file a notice of appeal upon the request of Petitioner. The Government argues that Petitioner received effective legal representation and cannot establish any errors his counsel made.

## II. LEGAL STANDARDS

### A. Section 2255

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). However, in the interests of judicial economy and avoiding an expensive evidentiary hearing, the Court may "require[] that the record be expanded to include letters, documentary evidence, and . . . affidavits." *Raines v. United States*, 423 F.2d 526, 530-31 (4th Cir. 1970); Rule 7 of the Rules Governing § 2255 Proceedings.

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Similarly, "the general rule [is] that claims not raised on direct appeal

3

may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Ineffective assistance of counsel claims, however, should generally be raised in a collateral motion instead of on direct appeal and are not subject to the cause and prejudice standard. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Petitioner bears the burden of showing he is entitled to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Petitioner's § 2255 Motion was filed *pro se*, and that pleading is accordingly entitled to a liberal construction. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

**B. Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel in violation of the Sixth Amendment are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner must show: (1) that counsel's representation was deficient, and (2) that Petitioner was prejudiced by counsel's performance. *Id.* at 693 (emphasis added). If Petitioner makes an insufficient showing on one prong, the court need not address both components of the inquiry. *Id.* at 697.

In order to demonstrate deficient performance, Petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Petitioner must overcome a strong presumption that counsel's performance falls within a wide range of reasonable professional assistance. *Id.* at 689. To show prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioner may also demonstrate *per se* prejudice in three contexts: (1) where counsel is not present at a key stage of the proceedings; (2) where counsel fails

to subject the prosecution's case to meaningful adversarial test; or (3) where the circumstances are such that the chance of competent counsel providing effective representation is so small as to warrant a presumption of prejudice. *Lenz v. Washington*, 444 F.3d 295, 303-04 (4th Cir. 2006) (internal citations omitted).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel: Pre-Trial and During Trial

Petitioner first alleges that his counsel was constitutionally ineffective during pre-trial and the trial itself, and lists a litany of conduct that he maintains is evidence of the alleged ineffectiveness. First, he faults his counsel for failing to conduct adequate pre-trial investigation. Specifically, Petitioner says that his counsel never interviewed any witnesses to the charges levied against him, and failed to investigate the ownership of the firearm that he was charged with possessing. Relatedly, he says that the victim (his sister), had previously lied to police when she initially denied ownership of firearms in her residence, and that trial counsel failed to use this recantation to effectively impeach her testimony at trial.

Petitioner's blanket assertion that his trial counsel failed to interview witnesses does not satisfy his burden under *Strickland*. He neither identifies which witnesses might have been interviewed, nor explains how such investigation would have undermined the evidence the Government presented at trial so as to cast doubt on the outcome at trial. As to investigating the history of the firearm in question, which Petitioner was charged with aiming at his sister in her home, Petitioner does not explain how such investigation might have resulted in an acquittal. To prove that a defendant "possessed" a firearm within the meaning of 18 U.S.C. § 922(g)(1), the Government need only show that the defendant either voluntarily and intentionally had physical control over the weapon or voluntarily exercised or had the power to exercise dominion and

5

control over the weapon. *United States v. Scott*, 424 F.3d 431, 435-36 (4th Cir. 2005). Petitioner was accused of holding and aiming the firearm at the victim. Even if the victim actually "owned" the firearm, that does not in and of itself contradict the Government's theory of possession. Therefore, Petitioner has failed to meet his burden of showing prejudice under *Strickland*.

Finally, Petitioner contends that his sister, the victim, initially denied owning the firearms at her residence but later admitted that she did own them, and that trial counsel neglected to use the information to impeach his sister's trial testimony or to exclude it altogether. But this assertion was directly contradicted by undisputed evidence at the § 2255 hearing. Specifically, trial counsel testified that her prior inconsistent statements were brought out both in his cross-examination of Petitioner's sister and of the officers to whom she had made prior statements. § 2255 Hearing Tr., ECF No. 65 ("hereinafter Tr."), at 33. Therefore, Petitioner has failed to show any deficient performance on this issue.

Second, Petitioner contends that his attorney provided ineffective assistance because he failed to file any pre-trial motions or motions in limine. Petitioner asserts that this behavior demonstrates "incompetence of the highest degree" and is "totally inconsistent with the norms of professional conduct . . . ." § 2255 Motion at 5. However, in his § 2255 Motion, Petitioner fails to specifically identify any motions that should have been filed and explain how those hypothetical motions might have been meritorious. At the § 2255 hearing, Petitioner's appointed counsel explained that this claim was limited to an evidentiary motion regarding an ammunition charge that was dismissed. Tr. 22. Although trial counsel did not initially raise this issue, the ammunition charge was eventually dismissed and so Petitioner has failed to allege any prejudice.

Third, Petitioner contends that his trial counsel advised him not to testify at trial and that the sole reason he did so was because he had not prepared Petitioner to testify. Again, however,

6

Petitioner fails to specifically allege what he would have said during his testimony, or explain why such testimony would have to a reasonable probability led to an acquittal on either count. Moreover, in his affidavit, Petitioner's trial counsel attests that he told Petitioner that "it would be unwise for him to testify" because "if he did testify he would convict himself of at least one count of the indictment," but that the decision was his. ECF No. 61-1. Trial counsel confirmed this assertion during his testimony and Petitioner did not challenge this assertion. Tr. 12. Although trial counsel acknowledged that he had not conducted mock examinations of Petitioner prior to trial in the event he chose to testify, Tr. 20, that was a reasonable decision in light of Petitioner's decision prior to trial not to testify and trial counsel's agreement that it would hurt Petitioner to testify. Additionally, the Court advised Petitioner of his right to testify during trial and Petitioner stated that it was his decision not to testify. Tr. 32. Accordingly, Petitioner has also failed to satisfy his burden to show deficient performance.

Fourth, Petitioner gives an "example of defense counsel's incompetence." § 2255 Motion at 6. He says that when the Government began to question the victim (Petitioner's sister) about a certain matter, defense counsel did not object but the Court interrupted the question and told the Government to move on to the next question. Petitioner does not explain how this single incident prejudiced the outcome of trial. Moreover, there can be many reasons why the Court would order an attorney to cease a certain line of questioning. Accordingly, he has failed to show that trial counsel rendered ineffective assistance.

Fifth, and finally, Petitioner states that his attorney failed to challenge the predicate convictions underlying his conviction on Count 3 for being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1). Petitioner has failed to specifically explain why counsel's performance was deficient, as he has failed to identify which prior felony conviction(s) might have

been susceptible to being undermined, and on what grounds it might have been so undermined. *See* Presentence Report, ECF No. 41, at ¶¶ 9-11 (outlining three prior felony convictions). Trial counsel testified that he was not aware of any grounds to challenge the convictions after looking them up in state records. Tr. 14, 24. Moreover, Petitioner never indicated to his counsel that the convictions were subject to challenge. Tr. 34. Therefore, Petitioner has failed to satisfy his burden as to this fifth and final allegation of ineffective assistance of counsel as well.

**B. Ineffective Assistance of Counsel: Failure to File a Notice of Appeal**

Petitioner alleges that counsel failed to file a notice of appeal as requested. § 2255 Motion at 6. He claims that after sentencing he "told his attorney to file an appeal [and] [t]he attorney refused to do so." Further Petitioner says he attempted to contact counsel to verify he had filed an appeal by phone, letter, and by way of relatives, but that counsel proved unreachable. *Id.* Petitioner offers an affidavit from his grandmother as evidence. *Id.* The Government has attached an affidavit from trial counsel to its Supplemental Response. That affidavit states that several days prior to his sentencing Petitioner informed trial counsel that he wished to file an appeal. Immediately after the sentencing, trial counsel met with Petitioner in his holding cell. At that time, trial counsel says that Petitioner advised him that no appeal was necessary, and that trial counsel received no further communications from Petitioner or anyone on his behalf.

In his Reply, which was filed with the assistance of appointed counsel, Petitioner has a different account of the content of his conversation with trial counsel after sentencing. He says that he did not say that he had decided not to appeal but instead requested more time to make a decision. Further, he avers that he tried to contact trial counsel but that his office would not accept collect calls from prison. He reiterates that his grandmother also tried to contact trial counsel but that he never returned her calls, as sworn in her affidavit. Finally, he contends that

trial counsel never visited him after sentencing and should have done so to fully consult about the decision of whether or not to appeal.

At the § 2255 hearing, trial counsel confirmed the statements in his affidavit. Petitioner's testimony substantially corroborated his Reply. He said that immediately after sentencing, trial counsel asked him if he wanted to appeal and that he told trial counsel "not right now" but that he might change his mind later so trial counsel should "be standing by the phone." Tr. 45. Further, he said he tried to call trial counsel, as did his grandmother, and that he wrote Petitioner two letters from jail regarding his wish to appeal during the 14-day time period. Tr. 45-46. Trial counsel did not have those letters in his files. Tr. 46.

"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Counsel must file this appeal "even if doing so would be . . . harmful to the client's interest." *Id.* The Government concedes that when counsel fails to file an appeal despite being directed to do so, prejudice may be presumed. Supp. Resp. at 3 (citing *Gomez-Diaz v. United States*, 433 F.3d 788. 792 (11th Cir. 2005)).

After reviewing the filings and hearing the testimony on this matter, the Court concludes that Petitioner's claim that he changed his mind about wanting to appeal and repeatedly tried to contact trial counsel is not credible. First, the version of events he gave in his Reply and at the § 2255 hearing differ from that in his initial § 2255 Motion. Second, his testimony that he changed his mind and tried to get in touch with trial counsel within the 14-day window is undermined by the fact that the Court directly informed him during sentencing that he had a right to appeal and could do so within 14 days. Sentencing Tr. 29. Several months after sentencing, Petitioner sent a letter

9

to the Court without mentioning an appeal, ECF No. 48, and Petitioner also filed this § 2255 Motion *pro se*. Petitioner knew how to contact the Court and the Court concludes that he would have if he had decided to appeal and was unable to communicate with trial counsel. Finally, there is little direct evidence to support Petitioner. His grandmother did not testify at the § 2255 hearing, Tr. 38, the jail has lost the relevant phone records, Tr. 59-60, and there are no letters from Petitioner in trial counsel's files, Tr. 46. Therefore, the Court concludes that Petitioner has not met his burden in showing that his attorney failed to file an appeal despite being directed to do so.

Moreover, if Petitioner did anything less than unequivocally tell his trial counsel to appeal, to show prejudice he "must demonstrate that there is a reasonable probability that . . . he would have timely appealed" had his counsel provided effective assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). In doing so, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant." *Id.* at 485. In this case, Petitioner has not discussed what his non-frivolous grounds for appeal would be, despite trial counsel's testimony that had he been directed to appeal he would have filed an *Anders* brief. Tr. 10. Therefore, Petitioner has failed to show prejudice to the extent he has shown that he wished to appeal but did not inform trial counsel unequivocally.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 Petition is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's habeas petition on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the

constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of his § 2255 Motion without a certificate of appealability, he may seek one from the United States Court of Appeals for the Fourth Circuit.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April 24, 2014

/s/ Raymond A. Jackson
United States District Judge